**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **JULIE BASZLER, Personal Representative of the Estate of Amanda Baker, Deceased,** | ) ) ) ) | **CASE NO. 7:15CV5000** |
| **Plaintiff,** | ) ) | **MEMORANDUM AND ORDER** |
| **v.** | ) ) | |
| **COUNTY OF SCOTTS BLUFF, a Nebraska political subdivision, RON JOHNS, in his official and individual capacity, VERONICA CAMARILLO, in her official and individual capacity, MARK BOTZKI, in his official and individual capacity, and DOES 1 - 10, in their official and individual capacities,** | ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

This matter is before the Court on the Motion to Dismiss (Filing No. 12) submitted by Defendants County of Scotts Bluff, Nebraska (the "County"), Ron Johns ("Johns"), Veronica Camarillo ("Camarillo"), and Mark Botzki ("Botzki"). For the reasons discussed below, the Motion will be granted in part; this action will be dismissed as to Johns and Camarillo; and Botzki and the County will be required to respond to the Complaint.

**FACTS**

At this stage of the proceedings, the Court accepts as true all well-pled factual allegations in the Complaint (Filing No. 1), though the Court need not accept the Plaintiff's conclusions of law. The following is a summary of the factual allegations.

Plaintiff Julie Baszler ("Baszler") is the personal representative of the estate of Amanda Baker ("Baker"). At all relevant times, the County operated a Detention Center,

housing adult and juvenile offenders, and Baker worked as a correctional officer at the Detention Center.

On the night of February 14, 2014, Baker was working in the area of the Detention Center that housed juvenile offenders. Botzki was her on-duty supervisor. Dylan Cardeilhac ("Cardeilhac"), a 15-year-old offender awaiting trial on charges of armed robbery and use of a firearm to commit a felony, was housed in a cell by himself due to violent misconduct. Through an intercom in his cell, Cardeilhac asked Baker and Botzki to come to his cell to help him. Botzki directed Baker to go to Cardeilhac's cell alone, although Botzki knew Cardeilhac was segregated from other inmates and was facing serious charges for violent felony offenses. Once Baker was inside Cardeilhac's cell, Cardeilhac strangled her for approximately 90 seconds, took her key ring, and attempted to escape. When Botzki found Baker unconscious, he delayed calling emergency medical support, and Baker was unconscious for over fifteen minutes before emergency medical personnel arrived at the scene.

An unidentified officer, Defendant John Doe #1, was approached by Cardeilhac days before Baker's death; Cardeilhac asked the officer for information about how to strangle someone; the officer answered Cardeilhac's questions; and the officer withheld from Baker the fact that Cardeilhac was seeking information about how to kill someone. A second unidentified officer, Defendant John Doe #2, was assigned the duty of monitoring video cameras on the night of February 14, 2014, but did not pay attention to the monitor in Cardeilhac's cell.

Johns and Camarillo were policymakers and final decision-makers for the County Detention Center. Baszler alleges that the County, Johns, and Camarillo intentionally

2

withheld information from Baker and intentionally made misrepresentations to Baker, leading her to believe that the Detention Center was safe and well-managed when it was not, and leading her to believe that she was adequately trained and qualified to perform the duties of a correctional officer, when she was not.

Baszler seeks compensatory damages, punitive damages, and attorney fees, presenting three causes of action under 42 U.S.C. § 1983. First, Baszler alleges that the Defendants deprived Baker of due process, equal protection, bodily integrity, and privileges and immunities secured by the United States Constitution by creating dangers and by intentionally concealing and misrepresenting dangers. Second, Baszler alleges that the Defendants had customs, policies or practices of withholding information from prospective and current correctional employees, including Baker, and were deliberately indifferent to known risks of dangers the Defendants themselves created, thereby depriving Baker of constitutionally protected liberty interests. Third, Baszler alleges that the County, Johns, and Camarillo conducted an inadequate investigation into the circumstances of Baker's death, and rejected Baszler's efforts to engage in good-faith settlement negotiations, thereby ratifying the state-created dangers that led to Baker's death.

The named Defendants have moved to dismiss Baszler's claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. They also assert that the individual Defendants are entitled to qualified immunity from suit in their personal capacities.

## STANDARDS OF REVIEW

### Fed. R. Civ. P. 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A]lthough a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Instead, the complaint must set forth 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 630 (citing *Twombly*, 550 U.S. at 570).

"'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). "'Courts must accept . . . specific factual allegations as true but are not required to accept . . . legal conclusions." *Outdoor Cent., Inc. v. GreatLodge.com, Inc.,* 643 F.3d 1115, 1120 (8th Cir. 2011) (quoting *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010)). "A pleading that merely pleads 'labels and conclusions,' or a 'formulaic recitation' of the elements of a cause of action, or 'naked assertions' devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'"

4

*Williams v. Hobbs,* 658 F.3d 842, 848 (8th Cir. 2011) (quoting *Parhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009)).

When ruling on a defendant's motion to dismiss, a judge must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555 & 556 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). The complaint, however, must still "include sufficient factual allegations to provide the grounds on which the claim rests." *Drobnak v. Andersen Corp.,* 561 F.3d 778, 783 (8th Cir. 2009).

"Two working principles underlie . . . *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950 (citing *Twombly,* 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**<u>Qualified Immunity</u>**

In resolving a question of qualified immunity, a court engages in a two-part inquiry. *Tolan v. Cotton,* 134 S.Ct. 1861, 1865 (2014). First, the court must determine whether the facts, "[t]aken in the light most favorable to the party asserting the injury, . . . show the officer's conduct violated a [federal] right [.]" *Id.* (alterations in original) (quoting *Saucier v.*

5

*Katz,* 533 U.S. 194, 201 (2001) (internal quotation marks omitted).  "The second prong of the qualified-immunity analysis asks whether the right in question was 'clearly established' at the time of the violation."  *Id.* at 1866 (citing *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). "Governmental actors are shielded from liability for civil damages if their actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* (internal quotation marks omitted).  The question is whether the state of the law at the time of an incident gave fair warning to a defendant that the alleged conduct was unconstitutional.  *Id.*

"Courts have discretion to decide the order in which to engage these two prongs." *Id*. (citing *Pearson v. Callahan,* 555 U.S. 223, 236 (2009)). "But under either prong, courts may not resolve genuine disputes of fact in favor of the party seeking summary judgment." *Id*. (citing *Brosseau v. Haugen,* 543 U.S. 194, 195, n. 2 (2004) (*per curiam* ); *Saucier, 533 U.S.* at 201**;** *Hope,* 536 U.S. at 733, n. 1). This is not a rule specific to qualified immunity; it is simply an application of the more general rule that a "judge's function" at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

## DISCUSSION

The Constitution does not guarantee government employees minimal levels of safety or security in the workplace.  *See Collins v. City of Harker Heights, Tex*., 503 U.S. 115, 129 (1982) (holding that the Due Process Clause does not "guarantee municipal employees a workplace that is free of unreasonable risks of harm").  Nor does the Constitution protect against the wrongful conduct of private actors.  *See DeShaney v.*

6

*Winnebago Cnty, Dep't. of Soc. Servs*., 489 U.S. 189, 195 (1989) ("[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors.")

Nonetheless, the U.S Court of Appeals for the Eighth Circuit has recognized that "the state owes a duty to protect individuals if it created the danger to which the individuals are subjected." *Hart v. City of Little Rock*, 432 F.3d 801, 805 (8th Cir. 2006) (citing *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir.1992) (en banc)). To succeed under the state-created danger theory, a plaintiff must prove "1) [she was a member] of a limited, precisely definable group, 2) [a defendant's] conduct put [her] at significant risk of serious, immediate, and proximate harm, 3) the risk was obvious or known to [the defendant], 4) [the defendant] acted recklessly in conscious disregard of the risk, and 5) in total, [the defendant's] conduct shocks the conscience. *Id.* (citing *Avalos v. City of Glenwood*, 382 F.3d 792, 798 (8th Cir. 2004)). "[A]ctionable substantive due process claims involve a level of abuse and power so brutal and offensive that they do not comport with traditional ideas of fair play and decency." *Id.* at 806 (alterations and internal quotation marks omitted).

Baszler acknowledges that each time the Eighth Circuit has had an opportunity to review cases similar to Baszler's, *i.e.*, a serious injury or death of a correctional officer at the hands of an inmate, the Eighth Circuit has found the facts failed to meet the conscious-shocking threshold of a substantive due process claim. *See, e.g.*, *Estate of Johnson v. Weber*, 785 F.3d 267, 272 (8th Cir. 2015) ("Under the state-created-danger theory, negligence and gross negligence cannot support a § 1983 claim alleging a violation of substantive due process rights."); *Fields v. Abbott*, 652 F.3d 886, 891-92 (8th Cir. 2011)

7

(holding that proof of intent to harm is usually required for allegations of substantive due process violations, though deliberate indifference rising to the level of criminal recklessness may suffice where the defendant actually draws the inference of substantial risk of serious harm and the defendant's abuse of power is conscious-shocking).

In *Estate of Johnson*, the Eighth Circuit affirmed the district court's grant of summary judgment to the defendants. 785 F.3d at 269.  In *Fields*, the Eighth Circuit found that the individual defendants did not violate the plaintiff's substantive due process rights and were entitled to qualified immunity; reversed the district court's denial of summary judgment to individual defendants who raised the defense of qualified immunity from suit on interlocutory appeal; and remanded the case to the district court for further proceedings against the county defendant. 652 F.3d at 894.

Here, the matter is not before the Court on a motion for summary judgment, but on a motion to dismiss.  The Court must accept as true all well-pled factual allegations in the Complaint.  Even so, the Complaint fails to state any plausible claim against Johns or Camarillo.  Accordingly, they are entitled to summary judgment under Fed. R. 12(b)(6) and based on their defense of qualified immunity from suit in their individual capacities. Liberally construing the Complaint in a light most favorable to Baszler, the Court will infer that Botzki directed Baker to enter Cardeilhac's cell alone; that Botzki was aware of facts from which he could draw the inference that Baker was at risk of serious and immediate harm; that Botzki actually *drew* that inference before sending Baker to Cardeilhac's cell; and that Botzki was deliberately indifferent to that serious and immediate risk of harm to Baker.  Because Baszler's first claim based on substantive due process ("state-created danger") will remain as to Botzki, and because Baszler's other claims as to the County

8

appear to be tied with that claim, both Botzki and the County will be required to respond to the Complaint.

## CONCLUSION

Because the Complaint fails to state any plausible claim against Johns or Camarillo, they are entitled to summary judgment under Fed. R. 12(b)(6) and based on their defense of qualified immunity from suit in their individual capacities.  Johns and Camarillo will be dismissed from this action, and Botzki and the County will be required to file a responsive pleading.  Accordingly,

IT IS ORDERED:

1.      The Motion to Dismiss filed by Defendants County of Scotts Bluff, Nebraska, Ron Johns, Veronica Camarillo, and Mark Botzki (Filing No. 12) is granted in part, as follows:

The Plaintiff's claims against Ron Johns and Veronica Camarillo are dismissed, and the Clerk will remove their names from the caption;

2.      The Motion is otherwise denied; and

3.      Defendants County of Scotts Bluff, Nebraska, and Mark Botzki will respond to the Complaint on or before August 3, 2015.

DATED this 14th day of July, 2015.


BY THE COURT:


s/Laurie Smith Camp
Chief United States District Judge

9