# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JULIE BASZLER, Personal Representative of the Estate of Amanda Baker, Deceased, | CASE NO. 7:15CV5000 |
| Plaintiff, | MEMORANDUM AND ORDER |
| v. | |
| COUNTY OF SCOTTS BLUFF, a Nebraska political subdivision, MARK BOTZKI, in his official and individual capacity, and DOES 1 - 10, in their official and individual capacities, | |
| Defendants. | |

This matter is before the Court on the Statement of Objection to Magistrate Judge's Order (Filing No. 56) in which Defendants County of Scotts Bluff (the "County") and Mark Botzki ("Botzki") object to the Order issued by Magistrate Judge Gossett on January 11, 2016 (Filing No. 55).

Defendants note that they submitted their Motion for Summary Judgment (Filing No. 42) on December 28, 2015, and asserted the defense of qualified immunity on behalf of Botzki in his personal capacity. Plaintiff Julie Baszler ("Baszler") moved for an enlargement of time to respond (Filing No. 48), outlining the additional discovery she believed to be necessary before her response to the Motion for Summary Judgment could be prepared. Baszler's counsel also submitted an affidavit (Filing No. 49) in support of the request. Magistrate Judge Gossett conducted a telephone conference with counsel and granted Baszler permission to conduct four depositions on or before March 18, 2016. See Filing No. 55.

Defendants argue Judge Gossett's order was improper because (1) it set no new deadline for Baszler to respond to Defendants' Motion for Summary Judgment, (2) Baszler did not support her motion for enlargement of time with any affidavit or declaration showing specified reasons why she cannot present facts essential to justify her opposition to the Defendants' Motion for Summary Judgment, and therefore failed to comply with Rule 56(d) when seeking the enlargement of time; and (3) the deposition deadline stipulated to by the parties in their Rule 26(f) report and adopted by the Court was January 11, 2016, and Baszler has not shown good cause for extending the deadline.

The Court has considered the arguments raised in the Defendants' Statement of Objection as well as those presented in their earlier Brief (Filing No. 51) in opposition to Baszler's Motion for Enlargement of Time. The Court also recognizes that qualified immunity is not merely a defense to liability, but is immunity from *suit*, and it is effectively lost if a defendant who is entitled to such immunity is subjected to the burdens of litigation. See *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985), citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982). As this Court explained in its earlier Memorandum and Order (Filing No. 17), however, the question of whether Botzki is entitled to qualified immunity cannot be determined without an evidentiary record.

Because Judge Gossett's order concerned a non-dispositive issue, the Court has reviewed the order to determine whether it was clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The Court concludes that Judge Gossett's order was not clearly erroneous nor contrary to law, but that a date should be established for Baszler's response to the Defendants' Motion for Summary Judgment.

Accordingly,

IT IS ORDERED:

1. The Plaintiff Julie Baszler shall respond to Defendants' Motion for Summary Judgment (Filing No. 42) on or before April 7, 2016;

2. The Defendants' Statement of Objection to Magistrate Judge's Order (Filing No. 56) is otherwise denied;

3. Magistrate Judge Gossett's Order of January 11, 2016 (Filing No. 55) is affirmed.

. .

DATED this 13th day of January, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge